UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES MARTIN,

                              Plaintiff,

v.                                                      Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, James Martin, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, NCO Financial Systems, Inc., is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

9. That Plaintiff allegedly incurred a debt to Directv. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That upon information and belief Defendant was employed by Directv to collect on the alleged subject debt.

12. That in or about October of 2011, Defendant began calling Plaintiff at his place of employment and his residence, multiple times per week, often multiple times per day, in an attempt to collect on the subject debt. That in said messages Defendant also fails to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt.

13. That during the first of these aforementioned calls, Plaintiff informed Defendant that he did not owe the Directv debt, that he never had Directv, and instructed Defendant to cease and desist from contacting him any further.

14. That Defendant continued to contact the Plaintiff, calling him multiple times per day, and multiple times per week.

15. That in or about January 2012, Plaintiff had a conversation with the Defendant whereby he inquired about what account the Defendant was alleging he owed. The Defendant's representative responded by asking the Plaintiff to confirm the address and last four digits of his social security number with the information they had on the account. Plaintiff stated that the social security number was not his nor the address. In response, Defendant's representative stated that they would remove his number and not call him anymore.

16. That despite Defendant's above statement, they continue to call the plaintiff for the alleged subject debt

17. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

18. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    B. Defendant violated 15 U.S.C. §1692e, and 15 U.S.C. §1692e(10) by using false and misleading representations when stating that they would remove plaintiff's number from their system and that they would not call the Plaintiff anymore.

    C. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt in the multiple messages left for Plaintiff.

    D. Defendant violated 15 U.S.C. §1692d(6) by calling Plaintiff at his place of employment and failing to identify themselves.

    E. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff a 30-day validation notice within five days of the initial communication.

20. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: September 10, 2012

       /s/ Seth J. Andrews_____
Kenneth R. Hiller, Esq.
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
        sandrews@kennethhiller.com